1
2
3
4
UNITED STATES DISTRICT COURT
5
NORTHERN DISTRICT OF CALIFORNIA
6

7   AUSTIN DE TAGLE,                         Case No. 24-cv-00556-PCP

8                        Plaintiff,          **ORDER DISMISSING COMPLAINT IN PART, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, RECLASSING NATURE OF SUIT, AND RELATING CASES**
9               v.
10  SANTA CLARA COUNTY SHERIFF,
11                       Defendant.          Re: Dkt. No. 3
12

13          Austin de Tagle, formerly an inmate at Santa Clara County Jail, filed this *pro se* civil rights

14  action under 42 U.S.C. § 1983 and the Americans with Disabilities Act concerning events that

15  occurred during his incarceration.

16          For the reasons stated below, the Complaint is dismissed in part.

17          As explained below, the Court concludes two of Mr. de Tagle's other matters are related to

18  this lawsuit. Mr. de Tagle shall file a single consolidated amended complaint in this lawsuit setting

19  forth the claims from all three suits.

20  **I.      BACKGROUND**

21          On November 13, 2023, Mr. de Tagle was arrested and placed in Santa Clara County Jail.

22  Compl. at 2. Mr. de Tagle purportedly informed an unidentified member of jail staff ("Officer

23  Doe") that he suffered from psychiatric ailments, that he took medication for these ailments, and

24  that he needed this medication. *See id.* Officer Doe, however, allegedly denied Mr. de Tagle his

25  medication. *See id.* Mr. de Tagle alleges he "should have been placed in the mental health unit,"

26  but instead was "placed into the wrong unit." *Id.* Mr. de Tagle contends these actions violated the

27  Americans with Disabilities Act, 42 U.S.C. §§ 12111 et seq., and his constitutional right to have

28  his serious medical needs addressed. *See id.*

United States District Court
Northern District of California

On November 13 or November 14, 2023,[1] Officer Hernandez allegedly pushed Mr. de Tagle against a wall and handcuffed him extremely tightly. *See id.* at 3. Mr. de Tagle claims that he lost circulation to his right wrist, and his shoulders went numb. *See id.* He states that he was left in that position for three hours. *See id.* When Officer Hernandez released Mr. de Tagle from that position, he allegedly "caused pain on [Mr. de Tagle's] right wrist by twisting [his] arm up causing damage to [his] wrist by bending it very aggressively." *Id.* Officer Hernandez then purportedly applied handcuffs to Mr. de Tagle a second time, again applying them too tightly. *See id.* According to Mr. de Tagle, Officer Hernandez's actions left marks on Mr. de Tagle's wrists, which took a week to go away. *See id.* Mr. de Tagle contends that Officer Hernandez's actions violated his constitutional right to be free of cruel and unusual punishment. *See id.*

Following his release from custody, Mr. de Tagle alleges that he went to the emergency room for x-rays of his wrist. *See id.* He states that he was given pain medication. *See id.* Mr. de Tagle contends he has "been left scar[r]ed on [his] left side of face, hand, and left shoulder hurts constantly." *Id.* He seeks $400 million in damages. *See id.* at 4.

## II.    Legal Standard

Federal courts "may authorize" litigants to file a lawsuit "without prepayment of fees" when "the person is unable to pay such fees." 28 U.S.C. § 1915(a). Before granting such an authorization, the court must ensure the action is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from providing such relief. *See id.* at § 1915(e)(2) (listing circumstances under which a court must dismiss an action in which *in forma pauperis* status has been sought).

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Mr. de Tagle has filed a separate civil rights action regarding other events which occurred in Santa Clara County Jail. *See* Dkt. No. 1, *de Tagle v. Santa Clara County Sheriff's Department*, Case No. 24-cv-3481-NC (N.D. Cal. filed June 10, 2024). In that action, Mr. de Tagle stated he was released from custody on November 14, 2023. *See id.* at 3. As noted below, the Court will consolidate that action with this matter going forward.

2

1      **III.      Analysis**

2            Mr. de Tagle contends that his rights under the ADA were violated, his right to have his

3      serious medical needs addressed was violated, and he was subjected to excessive force.

4            **A.      Medical needs claim against Officer Doe**

5            Mr. de Tagle appears to have been an arrestee during the time in question. *See* Compl.

6            If Mr. de Tagle were a pretrial detainee, his medical needs claim would be analyzed under

7      the Fourteenth Amendment, but it is unsettled whether the Fourth or Fourteenth Amendment

8      applies to an arrestee's medical needs claim. *See J. K. J. v. City of San Diego*, 17 F.4th 1247, 1257

9      (9th Cir. 2021) ("For purposes of this appeal, we need not decide whether the Fourth Amendment

10     also governs J.K.J.'s claim for denial of medical care, because, under both [the Fourteenth and

11     Fourth Amendment] standards, dismissal was warranted . . . ."), *amended and superseded on*

12     *reh'g,* 42 F.4th 990 (9th Cir. 2021), *reh'g en banc granted, opinion vacated,* 59 F.4th 1327 (9th

13     Cir. 2023).

14           Although it is unclear whether the Fourth or Fourteenth Amendment applies to Mr. de

15     Tagle's claim, it is clear that officials' knowing failure to provide prescription medication states a

16     claim. Under the Eighth Amendment, denial of prescription medication has been held to violate a

17     prisoner's constitutional rights. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)

18     (concluding that prison officials violate a prisoner's right to medical care under the Eighth

19     Amendment when they "deny, delay or intentionally interfere with medical treatment"); *see also*

20     *Bowden v. Rowland*, 967 F.2d 584 (9th Cir. 1992) (unpublished) (reversing and remanding

21     dismissal because "the defendants deliberately failed to provide [the plaintiff] with treatment and

22     medication that had been prescribed by physicians" and these allegations stated a valid Eighth

23     Amendment claim); *cf. Parsons v. Ryan*, 754 F.3d 657, 663 (9th Cir. 2014) (affirming class

24     certification where prisoners complained, inter alia, that officials "fail[ed] to stock and provide

25     critical medication"). A pre-trial detainee proceeding under the Fourteenth Amendment faces a

26     lesser standard than a convicted prisoner proceeding under the Eighth Amendment. A pre-trial

27     detainee must prove "more than negligence but less than subjective intent – something akin to

28     reckless disregard." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)

United States District Court
Northern District of California

3

1    (explaining the standard in a failure-to-protect case and contrasting it with the subjective mental

2    state required for an Eighth Amendment medical needs claim); *see also Gordon v. County of*

3    *Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (explaining that the same objective standard of

4    deliberate indifference applicable to a failure-to-protect claim also applies to a medical care claim

5    brought by a pretrial detainee). Thus, if an official's knowing failure to provide prescription

6    medication violates the Eighth Amendment, it must also violate the Fourteenth Amendment's

7    more relaxed requirements.

8         Here, Mr. de Tagle complains that he informed Officer Doe he needed psychiatric

9    medication and that this medication was denied. Compl. at 2. It is well-established that prison

10    officials must provide care in response to mental health needs as they would any other medical

11    need. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (concluding that a mentally

12    ill prisoner may establish unconstitutional treatment on behalf of prison officials by showing that

13    officials have been deliberately indifferent to his serious medical needs); *see also Hoptowit v. Ray*,

14    682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general

15    health care requirements). Liberally construed, Mr. de Tagle has alleged enough to suggest he was

16    deprived of his constitutional right to medical care, whether that right is derived from the Fourth

17    or the Fourteenth Amendment.

18         **B.    ADA claim against Officer Doe**

19         Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"),

20    provides "no qualified individual with a disability shall, by reason of such disability, be excluded

21    from participation in or be denied the benefits of the services, programs, or activities of a public

22    entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA

23    claim, the plaintiff must show "(1) the plaintiff is an individual with a disability; (2) the plaintiff is

24    otherwise qualified to participate in or receive the benefit of some public entity's services,

25    programs, or activities; (3) the plaintiff was either excluded from participation in or denied the

26    benefits of the public entity's services, programs, or activities, or was otherwise discriminated

27    against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by

28    reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

United States District Court
Northern District of California

1    Mr. de Tagle has not stated an ADA claim because he has not identified anything of which

2  he was deprived "by reason of [his] disability." He claims he should have been placed in a mental

3  health unit and given psychiatric medication, *see* Compl. at 2, but does not allege that medication

4  was withheld because of a disability or that he was "placed into the wrong unit" because of a

5  disability. Without that element of causation, Mr. de Tagle failed to state an ADA claim. *See Del*

6  *Conte v. Cnty. of Santa Clara*, No. 14-CV-05334-WHO (PR), 2016 WL 3916315, at *3 (N.D. Cal.

7  July 20, 2016) ("The ADA and the Rehabilitation Act require a showing of causation, a link

8  between the fact of his disability and the act of excluding him from the program. No claim is

9  pleaded by alleging simply that because he was denied medication it must have been because of

10  his disability.").[2]

11    Because Mr. de Tagle has not shown he was denied medication or placed in the wrong unit

12  *because of* his disability, he has failed to state an ADA claim. This claim is DISMISSED.

13  **C.    Excessive Force claim against Officer Hernandez**

14    The unnecessary and wanton infliction of pain on a prisoner amounts to cruel and unusual

15  punishment prohibited by the Eight Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

16  Because Mr. de Tagle appears to have been an arrestee rather than a convicted prisoner, *see*

17  Compl. at 2–3, he is protected from the use of excessive force by the Fourth Amendment. *See*

18  *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment

19  reasonableness standard applies to allegations of excessive force against arrestee).[3] In evaluating

20

21  _____

[2] *See also Estrada v. Rowe*, No. C 08-2801 MMC (PR), 2010 WL 957120, at *2 (N.D. Cal. Mar.
22  12, 2010) ("Here, plaintiff alleges that his disability is his deteriorating health, which has resulted
in his inability to stand or walk for more than thirty minutes, and that defendants Dr. Adam and
23  Dr. Sayre have denied him the reasonable accommodations of proper medication for his chronic
pain, an MRI, and referral to an orthopaedic specialist. Such allegations, however, do not support a
24  claim that plaintiff has been discriminated against in the provision of services "by reason," i.e.,
*because,* of his disability. Rather, the essence of plaintiff's claim is that he is not being provided
25  adequate medical treatment *for* his disability because defendants are acting with deliberate
indifference to his serious medical needs. Consequently, the Court finds plaintiff's allegations do
26  not state a claim for relief under the ADA.").
[3] If the facts later reveal that Mr. de Tagle was a pre-trial detainee, then the Fourteenth
27  Amendment would govern his excessive force claim. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16
(1979) (explaining that, when a pretrial detainee challenges conditions of his confinement, the
28  proper inquiry is whether the conditions amount to punishment in violation of the Due Process
Clause of the Fourteenth Amendment).

United States District Court
Northern District of California

1    such claims, courts ask whether the officers' actions are objectively reasonable in light of the facts

2    and circumstances confronting them, without regard to their underlying intent or motivation, and

3    without the "20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

4         "It is well-established that overly tight handcuffing can constitute excessive force." *Wall v.*

5    *County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004); *see also LaLonde v. County of Riverside*,

6    204 F.3d 947, 960 (9th Cir. 2000) (noting that a "series of Ninth Circuit cases has held that tight

7    handcuffing can constitute excessive force" and the issue is "usually fact-specific"); *Bibbs v.*

8    *Meiser*, No. 22-55743, 2022 WL 17815131, at *1 (9th Cir. Dec. 15, 2022) (concluding plaintiff

9    had stated a claim where cuffs were so tight they cut off circulation and were left on for two

10   hours).

11        Here, Mr. de Tagle alleges that handcuffs were applied so tightly that he lost feeling in his

12   limbs, suffered pain, and the handcuffs left marks on his person. *See* Compl. at 3. Liberally

13   construed, Mr. de Tagle's allegations are sufficient to suggest Officer Hernandez subjected him to

14   excessive force.

15        **D.    Defendants**

16        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

17   plaintiff can show the defendant's actions both actually and proximately caused the deprivation of

18   a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062,

19   1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives

20   another of a constitutional right within the meaning of section 1983 if he does an affirmative act,

21   participates in another's affirmative act, or omits to perform an act which he is legally required to

22   do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

23        Here, Mr. de Tagle alleges that Officer Hernandez performed an affirmative act – applying

24   handcuffs too tightly – which deprived Mr. de Tagle of his constitutional right to be free of

25   excessive force. This is sufficient to state a claim against Officer Hernandez.

26        Mr. de Tagle also has shown that Officer Doe omitted to perform an act – providing

27   prescription medication – which he was legally required to do. Suing a Doe defendant is

28   permissible but not advisable. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)

United States District Court
Northern District of California

6

(explaining that suing a Doe defendant is not favored in the Ninth Circuit but may be necessary where the plaintiff is unable to discover the defendant's identity without discovery). The Court cannot serve a claim upon a party whose identity is unknown. The Court therefore encourages Mr. de Tagle to do his utmost to discover the name of Officer Doe prior to filing the consolidated amended complaint.[4]

Mr. de Tagle also names the Santa Clara County Sheriff's Department as a defendant. To impose liability upon that agency on the legal theories asserted in the complaint, Mr. de Tagle was required to establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that the [entity] had a policy; (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (concluding that no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

Here, Mr. de Tagle has not alleged that any Sheriff's Department policy was the moving force behind the failure to provide his prescription medication, the failure to place him in the

---

[4] If Mr. de Tagle is unable to discover Officer Doe's identity prior to filing the consolidated amended complaint, the Court will allow Mr. de Tagle the opportunity to identify this unknown defendant through the discovery process. *See Gillespie*, 629 F.2d at 642 (advising that "where the identity of alleged defendants will not be known prior to the filing of a complaint," courts should allow the plaintiff "an opportunity through discovery to identify the unknown defendants"); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (finding that failure to afford the plaintiff such an opportunity is error); *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (finding that it is an abuse of discretion to deny a plaintiff an opportunity to amend to name the correct defendants). If Mr. de Tagle can name Officer Doe in the consolidated amended complaint, however, it will greatly expedite this action.

United States District Court
Northern District of California

mental health unit, or the excessive force applied to his person. *See generally* Compl. Indeed, the fact that a designated mental health unit exists suggests that Mr. de Tagle's "place[ment] into the wrong unit" was *against* Sheriff's Department policy. This defendant therefore is DISMISSED with leave to amend. Should Mr. de Tagle believe that he can amend his complaint to assert a proper claim against the Santa Clara County Sheriff's Department, he may add such allegations in his consolidated complaint.

## IV.    RELATED CASES

In addition to this lawsuit, Mr. de Tagle has filed two additional lawsuits that involve events or defendants that overlap with the events or defendants here. *See de Tagle v. Santa Clara County Sheriff's Department*, Case No. 24-cv-3481-NC (N.D. Cal. filed June 10, 2024); *de Tagle v. Santa Clara County*, Case No. 24-cv-4115-NC (N.D. Cal. filed July 8, 2024). The judge assigned to those matters has issued *sua sponte* referrals for the Court to evaluate whether those lawsuits are related to this matter. Having considered the issue, the Court concludes that both lawsuits are related to this matter within the meaning of Local Rule 3-12. *See* Dkt. Nos. 9, 10. Both lawsuits will be reassigned accordingly.

For the sake of efficiency, the Court orders Mr. de Tagle to file a single consolidated amended complaint that includes all of the claims set forth in the related lawsuits except those that have been dismissed by this Order. The Court will refrain from ordering service of Mr. de Tagle's complaint until after he has filed a consolidated amended complaint and the Court has had an opportunity to screen his remaining claims.

## V.    CONCLUSION

1.     Mr. de Tagle's motion to proceed IFP is GRANTED. *See* Dkt. No. 3.

2.     The Complaint does not state any claim against the Santa Clara County Sheriff's Department. This Defendant is DISMISSED with leave to amend. The Complaint does not state an ADA claim. This claim is DISMISSED.

3.     Liberally construed, the Complaint states an excessive force claim against Officer Hernandez and a medical needs claim against Officer Doe.

United States District Court
Northern District of California

United States District Court
Northern District of California

4.      The cases numbered 24-cv-3481-NC and 24-cv-4115-NC are deemed related to this matter and will be consolidated with this matter under the case number 24-cv-00556-PCP. Mr. de Tagle shall prepare a consolidated amended complaint that includes the claims addressed in paragraph 3, any amended claim against the Santa Clara County Sheriff's Department, and the claims set forth in the related cases numbered 24-cv-3481-NC and 24-cv-4115-NC.

5.      The CONSOLIDATED AMENDED COMPLAINT shall be filed within **thirty-five days** from the date this order is filed. The consolidated amended complaint must include the caption and civil case number used in this order (24-cv-00556-PCP) and the words CONSOLIDATED AMENDED COMPLAINT on the first page. In the consolidated amended complaint, Mr. de Tagle must allege facts that demonstrate he is entitled to relief on every claim. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

6.      It is Mr. de Tagle's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.      Mr. de Tagle is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

8.      Upon filing, this lawsuit was categorized as "550 – Prisoner Civil Rights." *See* Docket. Mr. de Tagle's other lawsuits against the Santa Clara County Sheriff's Department have been categorized as "446 – American with Disabilities." *See* Docket, *de Tagle v. Santa Clara County Sheriff's Department*, Case No. 24-3481-NC (N.D. Cal. filed June 10, 2024); *see* Docket, *de Tagle v. Santa Clara County*, Case No. 24-4115-NC (N.D. Cal. filed July 8, 2024). The Clerk

shall correct the Nature of Suit of the instant matter to "446 – American with Disabilities" to match the Nature of Suit assigned to Mr. de Tagle's other actions.

**IT IS SO ORDERED**.

Dated: July 23, 2024

_____

P. CASEY PITTS
United States District Judge

United States District Court
Northern District of California